**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JAIROCEY SIMPSON,

              **Plaintiff,**            **CIVIL ACTION NO. 09-CV-13947**

      **vs.**

                                    **DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**MICHIGAN PAROLE BOARD,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

              **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that Plaintiff's complaint be dismissed for failure to comply with the filing requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915(a)(2). This Court further recommends that the case not be reinstated to the district court's active docket despite the subsequent payment of the filing fee.

**II.**    **REPORT:**

      This matter comes before the Court on this Court's Order to Correct Deficiency for Failure to Pay Filing Fee. (Docket no. 4). All pretrial matters have been referred to the undersigned for action. (Docket no. 3). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

      Plaintiff filed a *pro se* civil rights action on October 6, 2009. Along with his complaint, Plaintiff filed an application for leave to proceed *in forma pauperis*. (Docket no. 2). Plaintiff, however, failed to submit a certified trust account statement for the six month period immediately preceding the filing of his complaint as required under 28 U.S.C. § 1915(a)(2). (Docket no. 2). On

1

October 13, 2009 the Court entered an Order to Correct Deficiency, requiring the Plaintiff to submit the $350 filing fee or file a Certification/Business Manager's Account Statement and a statement of Trust Fund Account (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. (Docket no. 4). The Order informed the Plaintiff that should he fail to pay the filing fee or file the required documents by November 12, 2009, the Court will presume that he is proceeding with prepayment of the fee, will assess the entire filing fee, and will order the case dismissed for want of prosecution. (Docket no. 4). On November 12, 2009 Plaintiff filed a motion for extension of time to file the requested information, alleging that he was transferred from the Richard A. Handlon Correctional Facility on November 2, 2009 and needed more time to obtain the requested information. (Docket no. 6). On April 19, 2010, the Court denied Plaintiff's motion. (Docket no. 9).

As of the date of this Report and Recommendation, the Plaintiff has not yet submitted the $350 filing fee or filed the documents required under 28 U.S.C. § 1915(a)(2). More than six months have elapsed since the filing of his complaint. Accordingly, this Court recommends that the Plaintiff's complaint be dismissed for want of prosecution. This Court further recommends that the case not be reinstated to the district court's active docket even if the Plaintiff pays the filing fee. *See In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997).

III. **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of*

*Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: April 22, 2010   s/ Mona K. Majzoub
         MONA K. MAJZOUB
         UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Jairocey Simpson on this date.

Dated: April 22, 2010   s/ Lisa C. Bartlett
         Case Manager